## Charles H. Waterman v. Robert P. Toms.

Where error was brought on a judgment taken by confession on a promissory note, and the errors assigned consisted of mere irregularities in the entering up o judgment, held a proper case under the statute for awarding damages to de-. fendant in error, on affirming the judgment, for the delay and vexation conse-. quent upon issuing the writ of error.

*Decided July 13th.*

Error to Wayne Circuit, where judgment was taken by confession, June 22d, 1858.

The warrant of attorney authorized judgment to be entered on a certain note described in it, but plaintiff had filed declaration on the common counts alone, and taken judgment for the amount of the note, being about $3000, with ten per cent interest, as allowed by the note. At the time of taking judgment no affidavit was filed, in accordance with the practice, to show that plaintiff in error was still living.

Errors were assigned in this court as follows:

1st. That the warrant of attorney did not authorize the attorney to confess judgment, except upon the note specified in the warrant of attorney; and the declaration was. not upon the note, but upon the common counts.

2d. That it does not appear that the plaintiff in error. was living when said judgment was entered.

3d. That it does not appear that the warrant of attorney was produced to the officer ordering said judgment.

4th. That the attorney of the defendant in error made the affidavit of the genuineness of the signature to the warrant of attorney.

5th. That the note was not filed with the declaration, warrant of attorney and cognovit.

On the errors being now abandoned,

*D. C. Holbrook* for defendant in error, moved for special damages under §5612 of the Compiled Laws.

*C. I. Walker, contra.*

The Court awarded seventy-five dollars damages.